FOLEY & LARDNER
Washington Harbour
3000 K Street NW, Suite 500
Washington, DC 20007-5143
Voice: (202 672-5300
Fax: (202) 672-5399
James G. Morrow (Wisconsin Bar)
Anat Hakim (District of Columbia Bar)

HEROLD AND HAINES, P.A.
25 Independence Boulevard
Warren, New Jersey 07059-6747
(908) 647-1022
Gary S. Jacobson (GJ-4561)

*Attorneys for Plaintiff*

|  | **UNITED STATES BANKRUPTCY COURT** |
|---|---|
| In re: | **DISTRICT OF NEW JERSEY** |
| TRUSEAL USA, INC. | Case No. 03-48112 |
| Debtor. | Chapter 11 |
|  | Honorable Donald H. Steckroth |
| SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION, HCM DIVISION | Adv. Pro. No. _____ |
| Plaintiff, |  |
| v. |  |
| TRUSEAL USA, INC., and STEPHEN RONALD WARBURTON-PITT |  |
| Defendants. |  |

## COMPLAINT

Plaintiff Saint-Gobain Performance Plastics Corporation ("Saint-Gobain") and its Health Care Markets division ("HCM"), by its attorneys, as and for its Complaint against Debtor Truseal USA, Inc. ("Truseal"), allege as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this civil proceeding pursuant to 28 U.S.C. §§ 1331, 1334(b) & (e), and 1338.

2.      This civil proceeding arises in a case under Title 11.

3.      This civil proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B),(E) & (O).

4.      Venue for this civil proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

## PARTIES

5.      Saint-Gobain is a California corporation with HCM having a place of business and senior management at 2316 W. Wisconsin Avenue, Portage, Wisconsin 53901-1008.  HCM is engaged in the business of, among other things, selling products such as tubing, fittings and manifolds.

6.      Upon information and belief, Truseal is a corporation organized and existing under the laws of the state of New Jersey, having a place of business at 53 Richboynton Road, Dover, New Jersey 07801.  Truseal is engaged in the business of, among other things, making (or having made), offering to sell, and selling products such as tubing, fittings and manifolds.

7.      Upon information and belief, Stephen Ronald Warburton-Pitt ("Warburton-Pitt") is an

individual residing at 73 Brandon Road, Andover, New Jersey.  Until October 1999,

Warburton-Pitt worked for Saint-Gobain and its predecessors.  In October 1999,

Warburton-Pitt resigned from Saint-Gobain and incorporated his own company, Truseal

USA, Inc. in or about October or November of 1999.  Warburton-Pitt is the Director of

Truseal and owns one hundred percent of Truseal.

## BACKGROUND

8.      On November 20, 2003, (the "Petition Date"), the Debtor filed a voluntary petition in this

Court for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-

1330, as amended (the "Bankruptcy Code").  The Debtor continues to manage and

operate its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the

Bankruptcy Code.

9.      Saint-Gobain Performance Plastics, Inc. owns U.S. Patent No. 6,290,265 ("the '265

Patent" attached as Exhibit A) which was issued by the United States Patent Office on

September 18, 2001.  Under 35 U.S.C. § 282, the '265 patent is presumed valid.  The

invention of the '265 Patent is directed to tubing and connector assemblies utilizing

multi-lumen connectors ("Connectors").  HCM is the division of Saint-Gobain which

markets and sells products which include the Inventions of the '265 Patent ("the

Inventions").

10.     Saint-Gobain is the owner of the '265 Patent and is referenced on the face of the '265

Patent as the assignee.

11.     HCM has invested substantial time, effort and money to develop the market for

Connectors that utilize the Inventions.  HCM has sold products incorporating the '265

Patent since about September 2001.  Examples of such products are HCM product nos.

CMY-0250, CMT-0250, CMY0500, and CMY-0125.  A picture of a representative

product is attached as Exhibit B.

12.     In January 2002, HCM discovered Truseal was selling products which infringed the '265

patent, including Truseal products no. C-250-6-DY24, C-250-6-XT12 and TLC-375-12-

4CR.  On January 22, 2002 and again on March 4, 2002 Saint-Gobain sent Truseal notice

that Truseal infringed the '265 Patent.

13.     Warburton-Pitt is a named inventor on the '265 Patent.

14.     Warburton-Pitt was an employee of Sani-Tech, which merged into Nalge Process

Technology Group in May 1998.  Nalge Process Technology Group changed its name to

NPT, Inc. and was acquired by Norton Performance Plastics Corporation in March 1999.

Norton Performance Plastics Corporation, later re-named Saint-Gobain Performance

Plastics Corporation, purchased NPT, Inc. on March 31, 1999.  The purchase of NPT,

Inc. included all of the assets of Sani-Tech including the Agreement referenced

immediately below.  Warburton-Pitt remained an employee of Saint-Gobain Performance

Plastics Corporation after the purchase until October 1999.

15.     On May 6, 1997, Warburton-Pitt entered a Patent and Trade Secret Agreement

("Agreement" attached as Exhibit C) with Sani-Tech.  In the Agreement Warburton-Pitt

agreed to "fully disclose to the Company any and all inventions conceived discovered or

made by me or jointly with others along the lines of the Company's work, investigations

4

or interests while in its employ" and to "assign to the Company, its successors and assigns, all such inventions and any and all patents thereon."

16.     In a letter dated October 1, 1999, Warburton-Pitt submitted his resignation to Saint-Gobain indicating that he would stay at Saint-Gobain until the end of October 1999.

17.     Less than two (2) months after the end of October 1999, Warburton-Pitt filed a patent application on a method of manufacturing a silicone tube manifold.  In particular, on December 29, 1999, Warburton-Pitt filed the patent application which issued as U.S. Patent No. 6,432,345 ("the '345 Patent" attached as Exhibit D) on August 13, 2002, entitled Single-step Method of Manufacturing a Silicone Tube Manifold.  The attorney of record for the '345 patent was David L. Davis.

18.     Truseal is cited on the face of the '345 Patent as the assignee.  Upon information and belief, Truseal is the owner of record in the United States Patent Office of the '345 Patent.

**First Cause of Action:  Patent Infringement against Truseal**

19.     Saint-Gobain and HCM hereby incorporate in this Cause of Action and reallege all of the allegations of Paragraphs 1-18 (including Exhibits A-G under Fed R. Bankr. P 7010) of this Complaint.

20.     Saint-Gobain is the sole owner by assignment of the '265 Patent and has the exclusive right to enforce and recover damages caused to HCM for infringement of the patent.

21.    Truseal has infringed and currently continues to infringe the '265 Patent by, among other actions, having made, offering to sell, and selling at least product nos. C-250-6-DY24, C-250-6-XT12, TLC-375-12-4CR, and other like products in violation of 35 U.S.C. § 271. Pictures of some infringing products are attached as Exhibit E.

22.    Infringement by Truseal of the '265 Patent has caused damage to HCM, including, but not limited to, lost or diverted sales, price erosion, loss of conveyed sales and other damages in an amount to be proved at trial.

23.    Upon information and belief, infringement by Truseal of the '265 Patent is intentional, willful and deliberate, thereby entitling HCM to increased damages and attorney fees.

24.    Upon information and belief, unless restrained and enjoined by the Court, Truseal will continue to infringe the '265 Patent resulting in substantial, continuing and irreparable damages to HCM.

**Second Cause of Action: Indirect patent Infringement Against Stephen Warburton-Pitt.**

25.    Saint-Gobain and HCM hereby incorporate in this Cause of Action and reallege all of the allegations of Paragraphs 1-24 (including Exhibits A-G under Fed. R. Bankr. P. 7010) of this Complaint.

26.    Truseal has infringed upon Saint-Gobain's '265 Patent.

27.    Warburton-Pitt knew that Saint-Gobain made application to patent the inventions of the '265 patent in or about September 2001.

28.     Warburton-Pitt knowingly induced Truseal to manufacture and sell products using the

inventions of the '265 patent, including product nos. C-250-6-DY24, C-250-6-XT12,

TLC-375-12-4CR, and other like products in violation of 35 U.S.C. § 271.

29.     Warburton-Pitt is the Director of Truseal and owns one hundred percent of Truseal.  In

that capacity, Warburton-Pitt actively aided and abetted Truseal's infringement of the

'265 patent.

### Third Cause of Action:  Breach of Contract Against Stephen Warburton-Pitt

30.     Saint-Gobain and HCM hereby incorporate in this Cause of Action and reallege all of the

allegations of Paragraphs 1-29 (including Exhibits A-G under Fed. R. Bankr. P. 7010) of

this Complaint.

31.     On February 14, 2003, Truseal filed a Complaint (Exhibit F) in the United States District

Court in the District of New Jersey, Civil Action No. 03-667 (JCL) claiming, in part,

infringement of the '345 Patent by over 15 defendants.

32.     In the Complaint, Truseal alleged in at least 5 paragraphs of the Complaint that products

of the type relating to the subject matter of the '345 Patent could not be **"independently

designed, constructed, and made ready for sale or lease except after many months

and probably many years of intensive and full-time efforts of qualified personnel."**

(New Jersey Complaint at para. 25, 29, 34, 42, and 46, emphasis added.)

33.     Upon information and belief, Warburton-Pitt invented the invention claimed in the '345

Patent ("'345 Invention") while an employee of Saint-Gobain.  As alleged by Truseal in

the Complaint, development of products related to the subject matter of the '345 Patent

would take **"many months and probably many years of intensive and full-time efforts of qualified personnel."**  (Emphasis added.)

34.     Upon information and belief, Warburton-Pitt breached the Agreement as follows:

35.     Warburton-Pitt failed to disclose the '345 Invention to Saint-Gobain.

36.     Warburton-Pitt failed to assign the '345 Invention and '345 Patent to Saint-Gobain.

37.     Warburton-Pitt failed to cooperate with Saint-Gobain in securing a patents on the '345 Invention.

38.     Upon information and belief Warburton-Pitt did not preserve the secret and confidential matters of Saint-Gobain.

39.     Warburton-Pitt's breach of contract caused damages to Saint-Gobain.

40.     Upon information and belief, Saint-Gobain is currently at least the equitable owner of the '345 Patent, and Truseal is at most the owner of record of the '345 Patent holding the '345 Patent in constructive trust for Saint-Gobain.


**Fourth Cause of Action:  Intentional Inducement Against Truseal USA, Inc.**

41.     Saint-Gobain and HCM hereby incorporate in this Cause of Action and reallege all of the allegations of Paragraphs 1-40 (including Exhibits A-G under Fed. R. Bankr. P. 7010) of this Complaint.

42.     On February 14, 2003, Truseal filed a Complaint (Exhibit F) in the United States District Court in the District of New Jersey, Civil Action No. 03-667 (JCL) claiming, in part, infringement of the '345 Patent by over 15 defendants.

43.     In the Complaint, Truseal alleged in at least 5 paragraphs of the Complaint that products of the type relating to the subject matter of the '345 Patent could not be **"independently designed, constructed, and made ready for sale or lease except after many months and probably many years of intensive and full-time efforts of qualified personnel."** (New Jersey Complaint at para. 25, 29, 34, 42, and 46, emphasis added.)

44.     Upon information and belief, Warburton-Pitt invented the invention claimed in the '345 Patent ("'345 Invention") while an employee of Saint-Gobain.  As alleged by Truseal in the Complaint, development of products related to the subject matter of the '345 Patent would take **"many months and probably many years of intensive and full-time efforts of qualified personnel."**  (Emphasis added.)

45.     Upon information and belief, Truseal, without privilege to do so, intentionally and wrongfully interfered with Warburton-Pitt's obligations under the Agreement attached as Exhibit C and caused Warburton-Pitt to breach the Agreement as follows:

46.     Warburton-Pitt failed to disclose the '345 Invention to Saint-Gobain.

47.     Upon information and belief, Truseal's interference caused Warburton-Pitt to breach his obligation to disclose the '345 Invention to Saint-Gobain.

48.     Warburton-Pitt failed to assign the '345 Invention and '345 Patent to Saint-Gobain.

49.     Upon information and belief, Truseal's interference caused Warburton-Pitt to breach his obligation to assign the '345 Invention and '345 Patent to Saint-Gobain.

50.     Warburton-Pitt failed to cooperate with Saint-Gobain in securing a patent on the '345 Invention.

51.     Upon information and belief, Truseal's interference caused Warburton-Pitt to breach his obligation to cooperate with Saint-Gobain in securing a patent on the '345 Invention.

52.     Upon information and belief Warburton-Pitt did not preserve the secret and confidential matters of Saint-Gobain.

53.     Upon information and belief, Truseal's interference caused Warburton-Pitt to breach his obligation to preserve the secret and confidential matters of Saint-Gobain.

54.     Truseal's intentional interference with the Agreement caused damages to Saint-Gobain.

55.     Upon information and belief, Saint-Gobain is currently at least the equitable owner of the '345 Patent, and Truseal is at most the owner of record of the '345 Patent holding the '345 Patent in constructive trust for Saint-Gobain.

**Fifth Cause of Action:  Patent Infringement Against Truseal USA, Inc.**

56.     Saint-Gobain and HCM hereby incorporate in this Cause of Action and reallege all of the allegations of Paragraphs 1-55 (including Exhibits A-G under Fed. R. Civ. P. 10(c)) of this Complaint.

57.    Saint-Gobain is the equitable owner of the '345 patent and Truseal is obligated to assign

legal ownership and all other rights, including the exclusive rights to sue for past, present

and future infringement, recover damages, and obtain injunctions for such infringements,

in the '345 Patent to Saint-Gobain.

58.    Truseal has infringed and currently continues to infringe the '345 Patent in this judicial

district and elsewhere in the United States by, among other actions, offering to sell and

selling at least product nos. C-250-6-DY24, C-250-6-XT12 and TLC-375-12-4CR.

59.    Infringement by Truseal of the '345 Patent has caused damage to HCM, including, but

not limited to, lost or diverted sales, price erosion, loss of conveyed sales and other

damages in an amount to be proved at trial.

60.    Upon information and belief, infringement by Truseal of the '345 Patent is intentional,

willful and deliberate, thereby entitling HCM to increased damages and attorney fees.

61.    Upon information and belief, unless restrained and enjoined by the Court, Truseal will

continue to infringe the '345 Patent resulting in substantial, continuing and irreparable

damages to HCM.

**Sixth Cause of Action:  Misappropriation of Trade Secret Against Stephen Warburton-Pitt
and Truseal USA, Inc.**

62.    Saint-Gobain and HCM hereby incorporate in this Cause of Action and reallege all of the

allegations of Paragraphs 1-61 (including Exhibits A-G under Fed. R. Bankr. P. 7010) of

this Complaint.

63.     Upon information and belief, Warburton-Pitt invented the invention claimed in the '345 Patent ("'345 Invention") while an employee of Saint-Gobain.

64.     Prior to the '345 patent application, the invention of the '345 patent and the research necessary to support the inventions of the '345 patent were a trade secret.

65.     Saint-Gobain took steps to maintain the secrecy of the inventions of the '345 patent.

66.     Warburton-Pitt was acting as an employee of Saint-Gobain and/or its predecessors when he developed the inventions of the '345 patent, and had a duty to keep the inventions confidential.

67.     Warburton-Pitt incorporated Truseal USA, Inc., a competitor to Saint-Gobain in or about October 1999.

68.     Warburton-Pitt disclosed information about the inventions of the '345 patent to Truseal in breach of confidence and without Saint-Gobain's consent.

69.     Truseal acquired information about the inventions of the '345 patent from Warburton-Pitt with knowledge of Warburton-Pitt's breach of confidence.

70.     Truseal used the secret information about the inventions of the '345 patent to patent those inventions, and did not obtain Saint-Gobain's express or implied permission to do so. Saint-Gobain was injured by these actions because it lost the ability to patent the inventions of the '345 patent.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, HCM respectfully demands judgment against Truseal as follows:

(a) Declaring that Truseal has infringed the '265 Patent;

(b) Declaring that Warburton-Pitt induced Truseal to infringe the '265 Patent;

(c) Declaring that Warburton-Pitt breached his obligations under the Agreement;

(d) Declaring that Truseal interfered with Warburton-Pitt's fulfillment of his obligations Agreement;

(e) Declaring that Saint-Gobain holds both equitable and legal title in the '345 Invention, the '345 Patent and all rights therein, including the exclusive rights to sue for past, present and future infringement, recover damages and obtain injunctions for such infringements;

(f) Directing Truseal immediately to take any and all necessary actions to assign all right, title and interest in the '345 Patent (including execution of the assignment attached hereto as Exhibit G) and any related applications, continuations, reissues, divisions, and reexaminations thereof, to Saint-Gobain, and to reflect that all rights of rights in the '345 Patent, and any related applications, continuations, reissues, divisions, and reexaminations thereof, have been assigned to Saint-Gobain;

(g) Declaring that Truseal has infringed the '345 Patent;

(h) Declaring that Truseal and Warburton-Pitt misappropriated trade secrets related to the inventions of the '345 patent;

(i) Enjoining and restraining Truseal from further acts of infringement of '265 and '345 Patents;

(j) Awarding Saint-Gobain damages against Warburton-Pitt and Truseal in an amount adequate to compensate Saint-Gobain and HCM for infringement of the '265 and '345 Patents;

(k) Awarding Saint-Gobain damages against Truseal in an amount adequate to compensate Saint-Gobain and HCM for interference with Warburton-Pitt's fulfillment of his obligations under the Agreement;

(l) Awarding Saint-Gobain damages against Warburton-Pitt in an amount adequate to compensate Saint-Gobain and HCM for breach of his obligations under the Patent and Trade Secrets Agreement;

(m) Awarding HCM its costs, expenses, and disbursements incurred in this action, including reasonable attorneys fees as available by law;

(n) Declaring that this is an exceptional case pursuant to 35 U.S.C. § 285; and

(o) Awarding such other relief to HCM as this Court deems just and proper.

Dated:  August 6, 2004                               HEROLD AND HAINES, P.A.
                                                     Attorneys for Saint-Gobain Performance
                                                     Plastics Corporation


                                                     By: _____*/s/ Gary S. Jacobson*_____

                                                          Gary S. Jacobson

Of Counsel:

James G. Morrow
Anat Hakim
FOLEY & LARDNER
Washington Harbour
3000 K Street NW, Suite 500
Washington, DC 20007-5143